***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Hall. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Hall with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All of the parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On December 13, 2000, an Employer-Employee relationship existed between Plaintiff and Defendant Gartavel Construction, Inc.
3. On December 13, 2000, Savenok Construction, Inc. was insured by State Farm Insurance Company.
4. On December 13, 2000, Plaintiff was employed at an average weekly wage of $522.00, which would yield a compensation rate of $348.02 per week.
5. On December 13, 2000, Plaintiff was performing his regular work duties for Defendant Gartavel Construction, Inc. under a subcontract between Gartavel Construction, Inc. and Defendant Savenok Construction, Inc.
6. From June 13, 2000 through December 13, 2000, Defendant Gartavel Construction, Inc. neglected to have in force and effect workers' compensation coverage for its employees.
7. On December 13, 2000, Plaintiff was performing his regular job duties for Defendant Gartavel Construction, Inc. when he fell from a scaffold and broke his ankle. The work being performed by Plaintiff was pursuant to a subcontract entered into by Defendant Gartavel Construction, Inc. and Defendant Savenok Construction, Inc.
8. Defendant Savenok Construction, Inc. did not obtain a certificate of insurance from Gartavel Construction, Inc. at the time it sublet the contract to Gartavel Construction, Inc. to perform the work that Plaintiff was performing when he was injured.
9. Defendant-carrier State Farm Insurance Company, as the workers' compensation carrier for Savenok Construction, Inc., has paid workers' compensation benefits for the injury sustained by Plaintiff on December 13, 2000.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. An employer-employee relationship existed between plaintiff and defendant — Gartavel Construction, Inc. on December 13, 2000.
2. On December 13, 2000, defendant — Gartavel Construction, Inc. regularly employed three or more employees in his business.
3. On December 13, 2000, plaintiff was performing his regular work duties for defendant — Gartavel Construction, Inc. under a subcontract between Gartavel Construction, Inc. and defendant — Savenok Construction, Inc.
4. From June 13, 2000 through December 13, 2000, defendant — Gartavel Construction, Inc. employed three or more employees.
5. From June 13, 2000 through December 13, 2000, which is 184 days, defendant — Gartavel Construction, Inc. neglected to have in force and effect workers' compensation coverage for its employees.
6. There was no agreement between Gartavel Construction, Inc. and Savenok Construction, Inc. that Savenok Construction, Inc. would provide workers' compensation coverage for Gartaval Construction, Inc.'s employees. The Master Subcontractor Agreement that was entered into on June 15, 2000 indicates in paragraph 12 that the subcontractor, Gartavel Construction, Inc., will provide workers' compensation insurance. Peter Klyachenko, president of Savenok Construction, Inc., testified that he never told Vasiliy Gartavel that Gartavel Construction, Inc. did not need to carry workers' compensation insurance. Mr. Klyachenko testified that Savenok Construction, Inc. required all of its subcontractors to carry their own workers' compensation insurance. The undersigned does not find Vasiliy Gartavel's testimony to the contrary to be credible in light of the June 2000 Master Subcontractor Agreement he signed.
7. Vasiliy Gartavel testified he does not read English and did not understand the Master Subcontract Agreement, however, the 2000 corporate tax return indicates he did understand enough to show gross receipts of $240,976.00 for the last three quarters of 2000. According to the minutes of organization meeting of Gartavel Construction, Inc., the Articles of Incorporation were filed with the Secretary of State and the effective date of incorporation was not until 4/06/00. Vasiliy Gartavel, with the assistance of an Asheville attorney, was able to incorporate his business in order to do business with defendant — Savenok Construction, Inc. despite his inability to understand English.
8. On December 13, 2000, plaintiff was performing his regular job duties for defendant — Gartavel Construction, Inc. when he fell from a scaffold breaking his ankle. The work being performed by plaintiff was pursuant to a subcontract entered into by defendant — Gartavel Construction, Inc. and defendant — Savenok Construction, Inc.
9. At no time during his employment with Gartavel Construction, Inc. was plaintiff an actual or implied employee of Savenok Construction, Inc. Plaintiff testified that Vasiliy Gartavel hired him and trained him to do stucco work. Plaintiff testified that Vasiliy Gartavel or Vasiliy's son, Sergey Gartavel, would give him instructions as to what he was to do each day and which jobsite he would work on. Vasiliy Gartavel also provided his hand tools, which plaintiff said he returned to Vasiliy after his injury by accident. This was corroborated by other employees of Vasiliy Gartavel who testified at the hearing of this matter. Defendant — Savenok Construction, Inc. provided materials and a cement mixer to mix the stucco, but did not exercise the requisite control over plaintiff such that plaintiff would be considered an employee of Savenok Construction, Inc.
10. As a result of the December 13, 2000 fall, plaintiff has been unable to earn any wages beginning December 13, 2000 to the present and continuing.
11. Defendant — Savenok Construction, Inc. did not obtain a certificate of insurance from Gartavel Construction, Inc. at the time it subcontracted with Gartavel Construction, Inc. to perform the work that plaintiff was performing when he was injured on December 13, 2000.
12. Defendant — Carrier State Farm Insurance Company has paid ongoing medical payments as a result of the injuries sustained by plaintiff while employed with Gartavel Construction, Inc. on December 13, 2000. Defendant — State Farm Insurance Company has paid ongoing indemnity payments as a result of the injuries sustained by plaintiff while employed with Gartavel Construction, Inc. on December 13, 2000.
13. On January 19, 2005, the Industrial Commission entered an Order Approving Compromise Settlement Agreement between plaintiff and defendant — Savenok Construction and its carrier State Farm Insurance Company.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. On December 13, 2000, Plaintiff sustained an injury by accident arising out of and in the course of his employment with Defendant-employer Gartavel Construction, Inc. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to receive temporary total disability compensation for the time period beginning December 13, 2000 to the present and continuing. N.C. Gen. Stat. § 97-29.
3. The immediate employer, Gartavel Construction, Inc., is liable for the injuries sustained by plaintiff on December 13, 2000. Plaintiff has settled his claim with defendant Savenok and its carrier State Farm Insurance Company. State Farm Insurance Company is not precluded from seeking to be reimbursed by Gartavel Construction, Inc. N.C. Gen. Stat. § 97-19.
4. Any employer required to secure the payment of compensation who refuses or neglects to secure such compensation shall be punished by a penalty of one dollar ($1.00) for each employee, but not less than $50.00 nor more than $100.00 for each day of such refusal or neglect, and until the same ceases. N.C. Gen. Stat. § 97-94(b).
5. Based on the findings of fact number 6 and 7, Vasiliy Gartavel and Gartavel Construction, Inc. should be equitably estopped from arguing that Vasiliy Gartavel did not understand the paragraph of the Master Subcontract Agreement that required Gartavel Construction, Inc. to provide its own workers' compensation insurance.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Pursuant to N.C. Gen. Stat. § 97-94(b), a civil penalty is hereby assessed against defendant — Gartavel Construction, Inc. in the amount of $9,200.00 for the 184 days from June 13, 2000 through December 13, 2000 in which defendant — Gartavel Construction, Inc. failed to carry workers' compensation insurance. A check shall be sent directly to Kay Emanuel at the Industrial Commission.
2. Pursuant to N.C. Gen. Stat. § 97-94(b), the Industrial Commission's ability to seek a civil penalty against Vasily Gartavel, individually, is HEREBY RESERVED.
3. Defendant — Gartavel Construction, Inc. shall reimburse State Farm Insurance Company for the medical compensation costs incurred as a result of the plaintiff's December 13, 2000 injury by accident upon receipt of an updated statement of costs.
4. Defendant — Gartavel Construction, Inc. shall reimburse State Farm Insurance Company for the indemnity costs incurred as a result of plaintiff's December 13, 2000 injury by accident upon receipt of an updated statement of costs.
5. Defendant-carrier State Farm Insurance Company's right to seek recovery from Gartavel Construction, Inc. for additional costs incurred as a result of payment of indemnity compensation to plaintiff and medical treatment for plaintiff is HEREBY RESERVED.
6. Defendant-carrier State Farm Insurance Company shall pay the costs.
This the 31st day of January, 2005.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER